# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ITASCA IMAGES, LLC, a Minnesota limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>POND5, INC., a Delaware corporation; POND5 MEDIA IRELAND LIMITED, an Ireland limited liability company; WONDERSHARE TECHNOLOGY CO., LTD.; a China limited company; and DOES 1-10,<br><br>Defendants. | Case No.:  1:22-cv-736-MKV<br><br>**FIRST AMENDED COMPLAINT FOR**:<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT; and<br><br>3. VIOLATION OF THE DMCA: 17 U.S. Code § 1202<br><br>JURY TRIAL DEMANDED |

FIRST AMENDED COMPLAINT

Plaintiff, Itasca Images, LLC, by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1.      This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2.      This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3.      Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4.      Plaintiff, Itasca Images, LLC ("Itasca"), is a Minnesota limited liability company.

5.      Itasca is informed and believes and thereon alleges that Defendant Pond5, Inc. ("Pond5") is a Delaware corporation doing business in and with this District, including through offices located at 251 Park Ave. S., 7th Floor, New York, NY 10010.

6.      Itasca is informed and believes and thereon alleges that Defendant Pond5 Media Ireland Limited ("PMIL") is an Ireland limited liability company doing business in and with this District.

7.      Itasca is informed and believes and thereon alleges that Defendant Wondershare Technology Co., Ltd. ("Wondershare") is a China limited company doing business in and with this District.

8.      Defendants Does 1 through 10, inclusive, (collectively with Pond5, PMIL, and Wondershare, "Defendants") are other parties not yet identified who have infringed Itasca's copyrights, have contributed to the infringement of Itasca's copyrights, or have engaged in one or more of the wrongful practices

alleged herein. The true names, whether corporate, individual, or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Itasca, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9.      Itasca is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants were the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Itasca's rights and the damages to Itasca proximately caused thereby.

## INTRODUCTION AND STATEMENT OF FACTS

10.      Itasca is a well-regarded photography studio specializing in fine art, landscape, editorial and photojournalism, and product photography.

11.      Photographer Tony Webster is the managing member of Itasca and has captured and created a series of original photographs depicting nature and landscapes ("Subject Photographs"). Tony Webster has assigned all rights and interest in and to the Subject Photographs to Itasca.

12.      Tony Webster and Itasca complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et. Seq.*, and have registered the Subject Photographs with the United States Copyright Office at the Registration Numbers depicted in **Exhibit A-1** and **Exhibit A-2** attached hereto.

13.      Prior to the acts complained of herein, Itasca and/or Webster publicly displayed and disseminated the Subject Photographs.

FIRST AMENDED COMPLAINT

14.     Itasca is informed and believes and thereon alleges that Defendants accessed the Subject Photographs online through, without limitation, websites operated by Itasca or Webster, and the pages and services offered therein, as well as through third parties.

15.     Defendants, and each of them, without Plaintiff's consent, have willfully copied, reproduced, displayed, licensed, and distributed the Subject Photographs for commercial benefit by, without limitation, copying, posting, offering for distribution and sale, and distributing the Subject Photographs to others including resellers (the "Infringing Uses") including at websites owned and operated by Defendants. The Subject Photographs, Defendants' unauthorized uses, and the corresponding URLs are depicted with identifying information in **Exhibit A-1** and **Exhibit A-2** attached hereto.

16.     Defendant Wondershare additionally copied, reproduced, displayed, and distributed the Subject Photographs on its website "Filmstock," which referenced the same identifying information including ID numbers set forth in **Exhibit A-1** and **Exhibit A-2** attached hereto. On information and belief, Wondershare obtained the Subject Photographs from Pond5 and/or PMIL. Filmstock offered to sell the Subject Photographs into this district.

17.     Itasca is informed and believes and thereon alleges that Defendants, and each of them, had access to copyright management information attributing creation and/or ownership of the Subject Photographs and all rights therein to Webster and/or Itasca.

18.     Defendants, and each of them, reproduced, disseminated, and displayed the Subject Photographs without proper attribution, copyright management, and ownership information and/or with false or misleading attribution, copyright management, and ownership information attributing Subject Photographs to Pond5, PMIL, or others.

19.     Itasca is informed and believes and thereon alleges that Defendants Pond5 and/or PMIL selected and approved the use of the Subject Photographs in the Infringing Uses.

20.     Itasca at no point authorized Defendants, or any of them, to use the Subject Photographs as complained of herein. Defendants at no point contacted Itasca to request a license or any form of authorization for the use of the Subject Photographs.

21.     Itasca sent letters to Pond5 and PMIL on or about September 20, 2020, September 25, 2020, December 24, 2020, March 21, 2021, March 22, 2021, and January 6, 2022 notifying Defendants of their infringements and demanding Defendants cease and desist in their infringing activity and remove the works at issue from the relevant platform(s). In light of the correspondence from Itasca, Defendants had actual knowledge of the alleged infringements described herein yet Defendants failed to meaningfully or timely comply or expeditiously remove, or disable access tothe Infringing Uses.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

22.     Itasca repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

23.     Itasca is informed and believes and thereon alleges that Defendants, and each of them, infringed Itasca's copyrights by copying, displaying, licensing, and distributing the Subject Photographs without Itasca's authorization or consent, including, without limitation, as depicted in **Exhibit A-1** and **Exhibit A-2** attached hereto.

FIRST AMENDED COMPLAINT

24.     Itasca is informed and believes and thereon alleges that Defendants, and each of them, infringed Itasca's rights by creating unlawful derivative works from the Subject Photographs and publishing same to the public.

25.     Itasca is informed and believes and alleges that Defendants Pond5 and PMIL had the ability to review and approve the use of the Subject Photographs in the Infringing Uses before offering same to the public for licensing. For example, Defendants Pond5 and PMIL's website notes that Pond5 users "send [content] to [Pond5's] curators for review."[1] Further, Pond5 indicates that "Pond5 adheres to a comprehensive set of guidelines established by [its] Legal and Compliance teams that govern what content can be accepted into [its] marketplace". Pond5 further notes that "[…] items returned or rejected by [Pond5's] curators[…]do not meet [Pond5's] criteria for acceptance."[2] According to Pond5 and PMIL's policies, Pond5 and PMIL had the ability to accept or reject the use of the imagery at issue on their website, and distributed the disputed content at their discretion.

26.     Itasca is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photographs, including, without limitation, through viewing the Subject Photographs on Itasca's or Webster's websites, publications, profiles, exhibitions and/or through other authorized channels, over the internet, including without limitation as accessed via a search engine, or through third party sources.

27.     Itasca is further informed and believes and thereon alleges that certain Defendants have an ongoing business relationship with one or more of the other Defendants, and that those defendants transacted in order to traffic in the Infringing Uses.

---

[1] See Tagging & Pricing Your Files - Pond5 Contributor Portal, https://contributor.pond5.com/getting-started/preparing-your-files/, last visited Aug. 3, 2022.
[2] Id.

FIRST AMENDED COMPLAINT

28.     Due to Defendants', and each of their, acts of infringement, Itasca has suffered general and special damages in an amount to be established at trial.

29.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Itasca's rights in the Subject Photographs. As such, Itasca is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photographs in an amount to be established at trial.

30.      Itasca is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

31.     Itasca repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

32.     Itasca is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided, and abetted in and profited from the illegal reproduction and distribution of the Subject Photographs as alleged hereinabove. Such conduct included, without limitation, publishing copies obtained from third parties that Defendant(s) knew, or should have known, were not authorized to be published by Defendant(s); publishing the Infringing Use

FIRST AMENDED COMPLAINT

on affiliate, third-party, and social media sites; and distributing the Infringing Use to third parties for further publication.

33.    Itasca is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, each Defendant had the ability to oversee the development, publication, and distribution of the infringing imagery at issue. For example, Defendants Pond5 and PMIL's website notes that Pond5 users "send [content] to [Pond5's] curators for review."[3] Further, Pond5 indicates that "Pond5 adheres to a comprehensive set of guidelines established by [its] Legal and Compliance teams that govern what content can be accepted into [its] marketplace". Pond5 further notes that "[…] items returned or rejected by [Pond5's] curators[…]do not meet [Pond5's] criteria for acceptance."[4] According to Pond5 and PMIL's policies, Pond5 and PMIL had the ability to supervise and oversee the publication of the imagery at issue, and distributed the content at their discretion. Finally, Defendants, and each of them, realized profits through their respective obtainment, marketing, and distribution of the Infringing Uses. As indicated on their website, Defendants Pond5 and PMIL receive part of the profits made by contributors, specifically highlighting that "[c]ontributors who license photographs, illustrations, 3D models, After Effects, and other templates receive 50% revenue share."[5]

34.    By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Itasca has suffered and will

---

[3] See Tagging & Pricing Your Files - Pond5 Contributor Portal, https://contributor.pond5.com/getting-started/preparing-your-files/, last visited Aug. 3, 2022.
[4] Id.
[5] See Payout Overview - Pond5 Contributor Portal, https://contributor.pond5.com/getting-started/payout-overview/, last visited Aug. 3, 2022.

continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

35.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Itasca's rights in the Subject Photographs. As such, Itasca is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of its rights in the Subject Photographs, in an amount to be established at trial.

36.     Itasca is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement, in addition to claims for costs and attorneys' fees.

## THIRD CLAIM FOR RELIEF

(For Violation of the DMCA: 17 U.S. Code § 1202 – Against all Defendants, and Each)

37.     Itasca repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

38.     The Subject Photographs were routinely published with attribution, credit, and other copyright management information identifying Itasca or Webster as the author.

39.     Itasca is informed and believes and thereon alleges that Defendants, and each of them, removed Itasca's or Webster's copyright management information, as described above, from the Subject Photographs, and/or added false copyright management information to the Subject Photographs, attributing them to another owner and/or source, before distributing and publishing same to the public.

40.     Itasca is informed and believes and thereon alleges that Defendants, and each of them, distributed the Subject Photographs via websites bearing the URL(s) depicted in **Exhibit A-1** and **Exhibit A-2** attached hereto, under its own name and/or the names of others, and removing Itasca's or Webster's attribution information, including without limitation their name, information set forth on a notice of copyright, and metadata.

41.     The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. §1202(a) and is false.

42.     The above violations, which were willful, subjects Defendants, and each of them, to entry of judgment reflecting Itasca's actual damages and any additional profits of the violator, statutory damages, and attorneys' fees under 17 U.S.C. § 1203.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follow against all Defendants and with respect to each claim for relief:

   a. That Defendants, their affiliates, agents, and employees be enjoined from infringing Itasca's copyright in and to the Subject Photographs.

   b. That Itasca be awarded all profits of Defendants, and each, plus all losses of Itasca, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial,

FIRST AMENDED COMPLAINT

or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. § 505, 1203.

c.  That Itasca be awarded its costs and attorneys' fees to the extent they are available under the Copyright Act U.S.C. § 505, 1203;

d.  That a trust be entered over the Infringing Uses, and all profits realized through said infringement;

e.  That Itasca be awarded pre-judgment interest as allowed by law;

f.  That Itasca be awarded the costs of this action; and

g.  That Itasca be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: August 3, 2022          By: _____

Scott Alan Burroughs, Esq.
Laura M. Zaharia, Esq.
DONIGER / BURROUGHS
247 Water Street, First Floor
New York, New York 10038
(310) 590-1820
scott@donigerlawfirm.com
lzaharia@donigerlawfirm.com
DONIGER / BURROUGHS
Attorney for Plaintiff

FIRST AMENDED COMPLAINT